**In the Matter of Stephen A. YUSSMANN.**

No. 285S52.

Supreme Court of Indiana.

Jan. 7, 1986.

Ronald E. Elberger, Indianapolis, for respondent.

Sheldon A. Breskow, William G. Hussmann, Indianapolis, for Indiana Supreme Court Disciplinary Comn.

PER CURIAM.

The Supreme Court Disciplinary Commission and the Respondent herein have submitted for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline emanating from a Verified Complaint for Disciplinary Action charging the Respondent with violation of Disciplinary Rules 1–102(A)(4), (5) and (6) and 9–102(A)(2).

Upon review of the matters filed in this cause and in accordance with this agreement, we now find that the Respondent was admitted to the Bar of this State on November 10, 1981. In February of 1983, he entered into an employment agreement, first orally and then in writing, with Heideman Law Offices (HLO) as an associate. Pursuant to the employment agreement, all income produced by the Respondent was to be deposited in the law office management account, and all escrow deposits received by the Respondent were to be deposited in the law office master escrow account.

On March 22, 1983, upon being contacted by prospective clients concerning representation in a child custody matter, the Respondent advised them that the office required a minimum of $1,500.00 retainer; $750.00 of which would be credited as attorney's fees and $750.00 would be used to pay expert fees, expenses and court costs. The Respondent's fees would be calculated at $125.00 per hour, and if his fees exceeded $750.00, and the expenses did not exceed $750.00, then the remaining portion of the expense fees would be applied toward the outstanding attorney fee.

On March 22, 1983, the clients paid the Respondent $1,000.00 which the Respondent deposited in his own account; the

account was used for payment of office and personal expenses. On April 4, 1983, these clients paid another $420.00, which the Respondent again deposited in his own account.

By April 8, 1983, when the Respondent resigned as associate with HLO, his personal account contained no more than $100.00 of unencumbered funds. The Respondent had performed some services for these clients, but the matter had not been completed and no funds had been expended as costs on their behalf. Subsequently, all of these funds were paid over to the Heideman Law Office.

From the foregoing findings and as agreed by the parties, we conclude that the Respondent did engage in misconduct and violated the *Code of Professional Responsibility*. By his depositing and using the funds in question contrary to his agreement and to professional guidelines, the Respondent engaged in conduct involving deceit and conduct which adversely reflects on his fitness to practice law. We, thus, conclude that the agreed discipline, a public reprimand, is appropriate under the specific circumstances of this case. Accordingly, the Respondent, Stephen A. Yussmann, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.